1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FREDERICK SILVER, | Case No. 3:13-cv-00655-MMD-WGC |
| Plaintiff, | |
| v. | ORDER |
| STATE OF NEVADA, et al., | (Defs' Motion to Dismiss – dkt. no. 6) |
| Defendants. | |

**I.    SUMMARY**

Before the Court is Defendants State of Nevada, Department of Public Safety, and Nevada Highway Patrol Division's Motion to Dismiss ("Motion").[1] (Dkt. no. 6.) For the reasons stated below, the Motion is granted.

**II.    BACKGROUND**

Plaintiff Frederick Silver brings this action against Defendants on a theory of negligence. (Dkt. no. 1.) The brief Complaint alleges that the Nevada Highway Patrol ("NHP") is in violation of the department's directive on the use of radar and that NHP failed to promote highway safety by ensuring its officers are certified to use the appropriate radar or laser speed measuring equipment. (*Id.*) The Complaint further alleges that NHP Officer Kelly Barney failed to follow department directives on the use of radar, including failure to get the proper certification. (*Id.*)

---

[1]The remaining named Defendant, Kelly Barney, was dismissed from this action. (Dkt. no. 14.)

1    Defendants move to dismiss the Complaint for lack of jurisdiction pursuant to Fed.

2    R. Civ. P. 12(b)(1) and 12(b)(2), and failure to state a claim pursuant to Fed. R. Civ. P.

3    12(b)(6). (Dkt. no. 6.) The Motion was filed on December 31, 2013, and Plaintiff's

4    response was due by January 17, 2014. (*Id.*) Plaintiff waited until August 22, 2014, to file

5    his opposition. (Dkt. no. 18.) Defendants filed a reply. (Dkt. no. 19.)

6    **III.    DISCUSSION**

7    **A.    Legal Standard**

8    Defendants may seek dismissal of a claim or action for a lack of subject matter

9    jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is

10   appropriate if the complaint, considered in its entirety, fails to allege facts on its face that

11   are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access*

12   *Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008). Although the

13   defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the

14   plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the

15   burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*,

16   264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. Gen. Motors Acceptance Corp.*, 298

17   U.S. 178, 189 (1936)). Federal courts are courts of limited jurisdiction. *Owen Equip. &*

18   *Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack

19   jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc.*

20   *v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir.1989).

21   **B.    Analysis**

22   Plaintiff's opposition to the Motion was filed over seven (7) months after it was

23   due. *See* LR 7-2(b). The Court did not grant Plaintiff an extension, nor was one

24   requested. Further, Plaintiff does not provide any explanation for his untimely filing. The

25   Court entered a minute order informing Plaintiff of the deadline for filing an opposition

26   and that, pursuant to LR 7-2(d), his failure to file an opposition would constitute consent

27   to the granting of the Motion. (Dkt. no. 7.) As Plaintiff failed to file a timely opposition in

28   ///

2

1  accordance with local rules, the Court finds that Plaintiff has consented to the Motion

2  and it is therefore granted.

3       Even if the Court were to look at the merits of the parties' filings, however, it is

4  apparent that this action should be dismissed for lack of subject matter jurisdiction.

5       With regard to diversity jurisdiction, this is an action brought by a Nevada resident

6  against Nevada governmental entities. (Dkt. no. 1 at 1.) Therefore, there is no "complete

7  diversity of citizenship among opposing parties" as required to establish diversity

8  jurisdiction. 28 U.S.C. § 1332(a).

9       With regard to federal question jurisdiction, federal district courts have original

10  jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the

11  United States." 28 U.S.C. § 1331. However, the Complaint's sole claim is for

12  "negligence" and the Complaint does not refer to any federal issues or statutes. The

13  Complaint therefore does not present a federal question on its face. *Caterpillar Inc. v.*

14  *Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question

15  jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal

16  jurisdiction exists only when a federal question is presented on the face of the plaintiff's

17  properly pleaded complaint.") The Court determines it does not have federal question

18  jurisdiction.[2]

19  **IV.    CONCLUSION**

20       The Court notes that the parties made several arguments and cited to several

21  cases not discussed above. The Court has reviewed these arguments and cases and

22  determines that they do not warrant discussion as they do not affect the outcome of the

23  Motion.

24  ///

25  _____

26       [2]In his opposition, Plaintiff appears to try and add a constitutional violation claim
   pursuant to 42 U.S.C. § 1983. As discussed, Plaintiff's opposition is untimely. Even to
27  the extent his opposition can be read as a motion for leave to amend, however, it is
   denied because Plaintiff fails to satisfy LR 15-1, which requires parties seeking
28  amendment to attach a proposed amended pleading.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

It is hereby ordered that Defendants' Motion to Dismiss (dkt. no. 6) is granted. This action is dismissed.

The clerk is directed to close this case.

DATED THIS 23rd day of September 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE